UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

OTIS LEE MORGAN, JR.,

       Defendant.
_____/

Criminal Action No. 14-20610
Honorable Victoria A. Roberts
Magistrate Judge David R. Grand

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S AMENDED MOTION TO SUPPRESS ILLEGALLY SEIZED EVIDENCE [21]

### I.  RECOMMENDATION

Before the Court is Otis Lee Morgan, Jr.'s ("Morgan's") motion to suppress illegally seized evidence. [21]. The government filed a response. [24]. The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court RECOMMENDS that Morgan's motion [4] be DENIED.

### II.  REPORT

#### A.  Background

In August and September 2014, a lone assailant robbed three separate Family Dollar Stores at gunpoint in Detroit, Michigan. [21, Ex. A ¶¶ 7-9]. Eyewitnesses described the suspect as a 6'2"-6'3" African-American male with dreadlocks and facial hair weighing approximately 280-320 pounds. [*Id.*]. During each incident the suspect brandished what appeared to be a Tech-9 nine-millimeter handgun and stole cash along with store merchandise, including a DVD player and household items such as soap, a toothbrush and laundry detergent. [*Id.*] With the aid of store video footage and the photo line-up identifications of several eyewitnesses, the FBI eventually

identified Morgan, a convicted felon, as the prime suspect and, on September 22, 2014, FBI Special Agent Stephen Haug applied for a search warrant to search his residence. [*Id.* at ¶¶ 10-15]. In his supporting affidavit, Special Agent Haug recounted the details of the robberies and the subsequent investigation, and proffered that:

> Based on my training and experience, individuals who are prohibited from possessing firearms and rob commercial institutions commonly store the instrumentalities of their crimes (i.e. firearms and other stolen goods) at a secure location such as their residence or their vehicles. In other words, felons who are not permitted to [possess] firearms commonly use their residence or vehicle to hide or store prohibited firearms or other stolen property.

[*Id.* at ¶ 18]. The agent listed a number of items that he expected would be seized from the residence, including firearms, ammunition, stolen merchandise and several articles of clothing that the suspect wore during two of the robberies. [*Id.* at 37]. Thereafter, Magistrate Judge Donald A. Scheer approved the search warrant on September 22, 2014. [*Id.* at 34].

The following day, on September 23rd, task force agents executed the search warrant at Morgan's home and recovered a DVD player and a container of nail polish that had been stolen during one of the robberies. [15 at ¶ 10]. The agents also seized 203 rounds of ammunition, including 32 bullets that are compatible with the Tech-9 nine-millimeter handgun. [*Id.*]. The agents then arrested Morgan and searched his person, discovering two packets of heroin. [*Id.* at ¶ 11].

After initially being charged in a criminal complaint, Morgan was indicted on charges for interference with commerce by robbery, 18 U.S.C. § 1951(a), using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1), and possession of a controlled substance, 21 U.S.C. § 844(a). [9].

On December 10, 2014, Morgan filed his instant suppression motion arguing that the

search warrant in question was not supported by probable cause. [21]. More specifically, Morgan argues that the warrant's supporting affidavit did not contain sufficient information that would have led the magistrate judge to reasonably believe that items sought therein would be located at his residence. Assuming the search warrant was invalid, Morgan maintains that the government may not rely on the exclusionary rule's "good-faith" exception to gain admittance of the seized evidence since the task force agents should have known that the warrant was legally deficient.

**B.     Analysis**

As a preliminary matter, the Court has declined to conduct an evidentiary hearing with respect to the instant motion because there are no "contested issues of fact going to the validity of the search [that] are in question." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (citation and internal quotation marks omitted). Since Morgan challenges the sufficiency of the allegations supporting the magistrate judge's probable cause determination, the instant motion strictly poses a legal question that can be appropriately resolved by evaluating "the information presented in the four corners of the affidavit." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006); *see also United States v. Knowledge*, 418 F. App'x 405, 408 (6th Cir. 2011) (stating that "[a] defendant is not entitled to an evidentiary hearing where his arguments are entirely legal in nature.").

Turning to the merits, the Court finds that the search warrant is supported by probable cause. The Fourth Amendment ensures "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." U.S. Const. amend. IV. The warrant requirement is the most effective safeguard of this right, and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . ." *Id.* The

3

Sixth Circuit Court of Appeals defines probable cause:

> "as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion," *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990), and is found to exist when there is "a 'fair probability' that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir. 1990)). [In this regard, s]earch warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny. *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004) . . . "In order for a judicial officer to issue a warrant, law enforcement officials must present evidence from which the magistrate judge can conclude from the totality of the circumstances, 'including the "veracity" and "basis" of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Williams*, 224 F.3d 530, 532 (6th Cir. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

*Jackson*, 470 F.3d at 306.

Notwithstanding the FBI agent's statement that, in his experience, robbery suspects "commonly store the instrumentalities of their crimes (i.e. firearms and other stolen goods) at a secure location such as their residence . . ." [21, Ex. A ¶ 18], Morgan correctly contends that the supporting affidavit fails to directly connect the presence of the handgun and the stolen merchandise to his home. The problem with this argument, however, is that Morgan construes the probable cause requirement too narrowly. In the absence of a direct nexus between weapons, stolen items, and a suspect's residence, "an issuing judge may [still] infer that a criminal suspect keeps the 'instrumentalities and fruits' of his criminal activity at his residence." *United States v. Williams*, 544 F.3d 683, 690 (6th Cir. 2008); *see also United States v. Thompson*, 263 F. App'x 374, 378 (4th Cir. 2008) (per curiam) ("[T]his court has observed that it is reasonable to assume that individuals store weapons in their homes."). Again, the Court must evaluate the "totality of the circumstances," *Woosley*, 361 F.3d at 926, and determine whether "there is a fair probability" that the items specified in the warrant would be found in Morgan's home. *Williams*, 224 F.3d at

532.

Here, the warrant's supporting affidavit established reasonable grounds to believe that Morgan committed the robberies because the FBI agent attested that Morgan matched the suspect's physical description, that two eyewitnesses identified Morgan as the suspect during a photo line-up, and that the agent could himself identify Morgan based on video footage he reviewed of the robberies. Having provided the magistrate judge with probable cause to that effect, it was entirely permissible for him to infer that the handgun, ammunition, clothing and stolen merchandise (all of which were household-type items, such as a DVD player, toothbrush, and detergent) would be found at Morgan's residence. *See Williams*, 544 F.3d at 688 (reasoning that "[m]uch like a bank robber would keep the proceeds and instrumentalities of his robbery in his home, so too could Williams [himself a robbery suspect] be expected to keep the instrumentalities of his criminal activity at his residence.").

Even assuming the warrant was in fact deficient, the seized items should not be suppressed because the task force agents acted with a good-faith belief that the warrant contained sufficient probable cause to search Morgan's home. In general, the Fourth Amendment's "exclusionary rule" provides that evidence seized pursuant to an invalid search warrant must be suppressed. *See Weeks v. United States*, 232 U.S. 383 (1914); *Mapp v. Ohio*, 367 U.S. 643 (1961). However, because "the purpose of the exclusionary rule, which is to deter police misconduct, will not be served by excluding evidence seized by an officer acting in good faith," *United States v. Frazier*, 423 F.3d 526, 533 (6th Cir.2005) (citing *United States v. Leon*, 468 U.S. 897, 916 (1984)), a "good-faith" exception to that rule exists. Thus, even if a search warrant is later held to be constitutionally deficient, evidence seized as a result of the search will not be suppressed if the officers executing the warrant had an "objectively reasonable" good-

faith reliance on the magistrate judge's determination that probable cause existed. *Frazier*, 423 F.3d at 533; *Leon*, 468 U.S. at 905, 922. "In making this determination, all of the circumstances ... may be considered." *Leon*, 468 U.S. at 922–23 n. 23. However, the United States Supreme Court has highlighted four situations where this "good faith" exception is inapplicable:

> first, if the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth;" second, if "the issuing magistrate wholly abandoned his judicial role;" third, if the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or in other words, where "the warrant application was supported by [nothing] more than a 'bare bones' affidavit," and, fourth, if the "warrant may be so facially deficient—i.e., failing to particularize the place to be searched or the things to be seized."

*United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996) (citations omitted) (quoting *Leon*, 468 U.S. at 914-15, 923).

Morgan asserts that Special Agent Haug's supporting affidavit falls within the third category because it constitutes a "'bare bones' affidavit with regard to the likelihood that firearms or proceeds from the robberies" would be located at his home. [21, at 7]. Concerning this issue, the Sixth Circuit has noted that "whether an affidavit is so bare bones as to preclude application of the good-faith exception is a less demanding inquiry than the one involved in determining whether an affidavit provides a substantial basis for the magistrate's conclusion of probable cause." *United States v. Rose*, 714 F.3d 362, 367 (6th Cir. 2013) (internal citation omitted). Such an inquiry "requires examination of the affidavit for particularized facts that indicate veracity, reliability, and basis of knowledge and that go beyond bare conclusions and suppositions." *Id.* (internal citation omitted). This analysis is limited to "the four corners of the affidavit" without regard to the subjective mindset of the officers executing the warrant. *Id.* (internal citation omitted). The standard is satisfied where "the affidavit at least contained a

minimally sufficient nexus between the alleged illegal activity [] and the places to be searched to support an officer's good faith belief in the warrant's validity." *United States v. Carney*, 675 F.3d 1007, 1012 (6th Cir. 2012) (citing *Leon*, 468 U.S. at 922 and *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004))..

A review of the instant warrant's supporting affidavit demonstrates that it satisfies the foregoing test. As the Court stated above, the FBI agent attested that Morgan matched the suspect's physical description, that two eyewitnesses identified him as the suspect during a photo line-up, and that he himself identified Morgan after watching surveillance videos depicting the robberies. This was clearly ample information to find the requisite nexus between Morgan and the robberies. The fact that all of the items being sought in the warrant, including a firearm, clothing, and stolen household goods, are ones likely to be kept in a person's home, provides an adequate nexus between those items and Morgan's residence to support the executing officers' good-faith belief in the warrant's validity. *See, e.g., Williams*, 544 F.3d at 690; *Carney*, 675 F.3d at 1012.

Accordingly, Morgan's amended motion to suppress based on an allegedly invalid warrant lacks merit and should be denied.

### III. CONCLUSION

For the aforementioned reasons, the Court RECOMMENDS that Morgan's amended motion to suppress illegally seized evidence [21] be DENIED.

Dated: March 4, 2015           s/David R. Grand  
Ann Arbor, Michigan           DAVID R. GRAND  
         United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

> s/Eddrey O. Butts
> EDDREY O. BUTTS
> Case Manager

Dated: March 4, 2015