UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                      Case No: 14-20610
                                                      Honorable Victoria A. Roberts

OTIS LEE MORGAN, JR.,

    Defendant.
_____/

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS
AND DENYING MOTIONS**

**I.    INTRODUCTION**

    Morgan filed motions to "Suppress Illegally Seized Evidence" (Doc. #21) based on an allegedly invalid search warrant, and to "Suppress Identification Testimony" (Doc. #20) of four eyewitnesses as being impermissibly suggestive. Magistrate Judge Grand held an evidentiary hearing on Morgan's motion to suppress identification testimony. He recommended that both motions be denied. Defendant filed timely objections under 28 U.S.C. §636(b)(1).

    The Court **ADOPTS** the reports and recommendations and **DENIES** Defendant's motions.

**II.    BACKGROUND**

    In August and September of 2014, a man robbed three Family Dollar stores with a Tech-9 gun. Witnesses described him as an African American man around 6'2"

1

weighing around three hundred pounds, with dreadlocks and facial hair. He stole money from the registers and various household goods.  After store footage was played on the news, authorities got a tip that Otis Lee Morgan was the robber.  A photo array was presented to four witnesses; all of them picked out Morgan as the robber, with varying degrees of certainty.

Authorities obtained a search warrant for Morgan's house for the gun, ammunition, stolen merchandise and distinctive clothing worn during two of the robberies.  The affidavit in support of the warrant read in relevant part:

> "Based on my training and experience, individuals who are prohibited from possessing firearms and rob commercial institutions commonly store the instrumentalities of their crimes (i.e. firearms and other stolen goods) at a secure location such as their residence or their vehicles.  In other words, felons who are not permitted to possession [sic] firearms commonly use their residence or vehicle to hide or store prohibited firearms or other stolen property."

At the house, authorities found items stolen from the Family Dollar stores, clothing, and ammunition for a Tech-9 gun. Agents then searched Morgan and discovered two packets of heroin.

### III.   Standard of Review

Any timely objection to the report and recommendation of a Magistrate Judge is reviewed *de novo.* 28 U.S.C. 636(b). The court can "adopt, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### IV.    Motion on Eye Witness Identification

In his objections, Morgan claims: (1) the array was unduly suggestive; (2) the photo of Morgan was "strikingly dissimilar" to others in the array; (3) Magistrate Judge Grand gave insufficient weight to the fact that only one other person in the lineup had

braids; (4) a difference in skin tone created a likelihood of misidentification; (5) Morgan's braided hair was noticeable; (6) the photo of Morgan depicts him biting his lip nervously; and (7) the position of Morgan's photo at the bottom center of the six photos in the array was unduly suggestive.

A two step test is used by Courts to decide whether to suppress out of court eyewitness identifications: (1) was the identification procedure unduly suggestive (See *U.S. v. Sullivan*, 431 F.3d 976 (6th Cir. 2005)) and (2) was the identification reliable under the totality of the circumstances *Id*. A defendant bears the burden of proof in establishing that there was undue suggestiveness. *U.S. v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992). A court does not need to address the issue of reliability if the defendant has failed to prove undue suggestiveness. *U.S. v. Watson*, 540 F. App'x 512, 515 (6th Cir. 2013). After his analysis, Magistrate Judge Grand concluded that even if there was undue suggestiveness (he found none), the identifications were reliable.

Morgan objects to the factual determinations of the Magistrate Judge, but makes no challenge to his legal analysis. In his supplemental brief filed after Magistrate Judge Grand's hearing, Morgan generally discusses the reliability of the witnesses' identifications. However, the law is that absent a showing of irreparable misidentification, reliability goes to the weight of the evidence, not it's admissibility. *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977).

Morgan objects to five specific factual findings made by Magistrate Judge Grand, which the Court addresses individually.  The final findings that Morgan objects to are conclusions based on the specific factual issues.

    **i.**    **Braids:**

Morgan objects to the determination that even though only one other person in the photo array had braids, it was not unduly suggestive. Morgan also objects to Magistrate Judge Grand's determination that Morgan's braids in his photo are barely able to be seen:

> "The Magistrate Judge did not give sufficient weight to the significance of a key identifier, which was the suspect's hairstyle.  Only one other photograph depicted an individual with braided hair.  Maelin Damm testified that this factor led her to believe that it was either the person in position number one, whose hair was braided, or Mr. Morgan whose hair was braided.  This factor alone may have precluded the witnesses from even considering the other four photos.
> ....
> We object to the Magistrate Judge's determination that Mr. Morgan's braided hair is barely noticeable.  (R&R pg, 5)   We respectfully disagree and ask the Court to make an independent determination whether the Magistrate's finding is supported by the evidence.  This physical feature was the most significant important identifier provided all of the witnesses.  It is clearly evident from the photos that only two men had braided hair." [mistakes in original]

The Court finds that neither of these contentions creates undue suggestiveness. The Magistrate Judge correctly determined that regardless of the visibility of the Defendant's hairstyle, the fact that only two men in the array had the same hairstyle did not create undue suggestiveness. (*Dobson v. Walker*, 150 F.App'x 49, 50-51 (2d Cir. 2005) holding that there was no undue suggestiveness when only two men had dreadlocks and that was a key identifier).

During the hearing, three of the witnesses testified that they did not select Morgan because of his braids. And, contrary to Morgan's assertions, at no point did Maelin Damm testify that she selected Morgan because of his braids; although she does state at different times that all she remembers about the robber was that he " was a big guy with a big coat and dreadlocks" (Tr. 72), and that she thought that the robber could be the man in position one as well (Tr. 80). At no point does she state that this

4

was due to the fact that those were the only two individuals with braids.

However, all of the witnesses were able to see that Morgan had braids. See Tr. 28, 59, 111-112. Morgan does not address the fact that his hairstyle in the array (long braids) is different than the description given by the witnesses, who all describe him with dreadlocks (Tr. 14, 27, 49, 72, 108). This difference would seem to reduce the risk that not having more men with braids in the photo array would be unduly suggestive. The Court agrees with the Magistrate Judge's findings concerning braids.

### ii.    Skin Tone

Morgan stated:

> "[w]e object to the Magistrate Judge's determination that skin tone did not create 'a very substantial likelihood of irreparable misidentification'... we disagree and ask this Court to make its own determination whether this determination is supported by the evidence." (Dkt. 38 p. 3) [citation omitted].

Magistrate Judge Grand stated that although "Morgan's complexion is recognizably darker than some of the other depicted individuals, it is quite similar to the men in the first, third and fourth photos." The Magistrate cited *U.S. v. Washington*, 714 F.3d 962, 967 (6th Cir. 2013) which establishes without "a drastic difference between [the] defendant's skin tone and the remaining photos" there was no undue suggestiveness; Morgan's skin tone is similar to the skin tone of the men in the first, third and fourth photos, and not markedly different from the men in the second and sixth positions. On *de novo* review the Court agrees with Magistrate Judge Grand that there is no undue suggestiveness.

### iii.    The Defendant's Lip Biting

Magistrate Judge Grand concluded "Morgan [was] staring blankly at the camera

with a slight overbite" (Dkt. 36 p. 5).  Morgan objects to this conclusion stating:

> "This interpretation of what is portrayed in the photograph is inconsistent with the message being communicated by the photograph itself.  That message is one of fear, nervousness, apprehension and culpability." (Dkt. 38 p. 3)

All of the witnesses said while it was clear Morgan was biting his lip, it did not impact their identification (Tr. 28, 59-60, 112).  Magistrate Judge Grand cited *U.S. v. Reamey*, 132 F. App'x at 616-617 (6th Cir. 2005) which held that a defendant's grimace in the photo lineup did not create undue suggestiveness. Morgan's lip biting in the array is noticeable, but not to the extent that a grimace would be.

Morgan claims that he conveys nervousness by biting his lip, but there are many interpretations of that action.  The rest of his face does not convey nervousness, fear or anxiety, and therefore, this factor is not unduly suggestive.

### iv. Defendant's Placement in the Bottom Center Position

Morgan objects that the:

> "position of Mr. Morgan's photograph in the center of the line-up in conjunction with the above mentioned factors rendered the overall line-up procedure unduly suggestive" (Dkt. 38 p. 4)

However, the witnesses claimed that this had no bearing on their identifications (Tr. 28, 60 112).  The position of Mr. Morgan's photo in a specific location cannot be considered unduly suggestive.  *See: Searcy v. Berghuis*, 549 F. App'x 357 (6th Cir. 2013).  The Court agrees with the Magistrate Judge's finding in this regard.

### v. Conclusion

The Magistrate Judge correctly found no undue suggestiveness in the photo array.  The Court ADOPTS the report and recommendation and DENIES the motion.

**V.    Motion to Suppress the Fruits of the Search Warrant**

### i. Standard of Review

Magistrate Judge Grand correctly reviewed the probable cause determination of a magistrate issuing a search warrant with great deference; this determination should not be reversed unless "arbitrarily exercised." *U.S. v. Miller*, 314 F.3d 265 (6th Cir. 2002). When reviewing whether there was probable cause for a warrant, a court should take a "totality of the circumstances" approach in its evaluation. *U.S. v. Williams*, supra at 686. A court may afford "considerable weight" to the experience of law enforcement in evaluating the affidavit in support of the warrant *Id.*

Probable cause will not be found where there is no nexus between the things sought and the place to be searched. *U.S. v. Williams*, supra. However, a nexus can be inferred, depending on the type of crime, the amount of time a suspect has had to dispose of evidence and inferences concerning normal hiding spots. *U.S. v. Savoca*, 761 F.2d 292, 298 (6th Cir. 1985).

### ii. Analysis

Morgan moves to suppress the results of the search conducted on his home pursuant to a warrant; the only objection Morgan made to the issuing magistrate's determination is that there was an insufficient nexus between the items to be seized and Morgan's home. This is an unavailing argument.

Morgan relies on Judge Moore's dissent in *U.S. v. Williams,* 544 F.3d 683, 690 (6th Cir. 2008) for the proposition that there should be some "plus factor" to create an inference of a nexus between the location to be searched and probable cause of a crime. The affidavit does not explicitly state a nexus between the items to be seized and Morgan's house. It does attest that Morgan: (1) matched the description of the suspect;

7

(2) four eyewitnesses identified Morgan; and (3) the agent could identify Morgan from video footage of one of the robberies.

Based on the affidavit, the issuing magistrate could infer a nexus between the house and the items to be seized. In *Williams* supra, the court held that the proceeds of a robbery would logically be kept at the suspect's house, and a nexus could be inferred from that. Here, there is even more reason to believe that some of the items sought would be kept at Morgan's house. Household goods were stolen from the Family Dollar stores, and these were among the items sought in the warrant. These items could logically be found in a suspect's house. The magistrate who issued the warrant was justified in inferring a nexus between the suspected criminal activity and the location to be searched. Clear probable cause was established.

### iii.     Conclusion

The Magistrate Judge correctly found that there was an implied nexus between Morgan's home and the goods sought. The Court ADOPTS the report and recommendation and DENIES the motion.

## VI. CONCLUSION

For these reasons, the Court **ADOPTS** the reports and recommendations and **DENIES** Defendant's motions.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 14, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 14, 2015.

S/Carol A. Pinegar
Deputy Clerk